**WAYNE AUTOMATION CORPORATION,**
Plaintiff,

v.

**R.A. PEARSON COMPANY, Defendant.**

No. CS–90–345–JLQ.

United States District Court,
E.D. Washington.

March 12, 1991.

Frederick J. Olsson, Wayne, Pa., for plaintiff.

Richard J. St. John, Spokane, Wash., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STAY

QUACKENBUSH, Chief Judge.

BEFORE THE COURT is plaintiff's Motion to Stay the above-entitled matter pending reexamination of the validity of plaintiff's patents in the United States Patent and Trademark Office heard telephonically on March 11, 1991. Frederick J. Olsson appeared for plaintiff. Richard J. St. John represented defendant. Having reviewed the record, heard from counsel and being fully advised in this matter, IT IS HEREBY ORDERED that plaintiff's Motion to Stay (Ct.Rec. 9) is DENIED for the following reasons.

## FACTUAL BACKGROUND

Plaintiff Wayne Automation filed this Complaint for Patent Infringement on August 17, 1990. This court entered a Status Conference and Scheduling Order on December 5, 1990. The discovery cutoff is May 17, 1991 and the nonjury trial is set for July 1, 1991. On February 1, 1991, plaintiff filed in the United States Patent and Trademark Office a Request for Reexamination of the validity of the patent in question here pursuant to 35 U.S.C. §§ 301–07. The method claims for which reexamination has been requested relate to delivery of collapsed dividers or partitions from a storage magazine in a packaging machine. They describe operation of a vacuum cup assembly that engages collapsed partitions in the storage magazine, pushes them into the magazine, and then pulls them from the magazine one by one for opening and insertion into a carton. Plaintiff has now filed this Motion to Stay this case pending the reexamination of the validity of plaintiff's patents. Plaintiff urges the stay contending that the reexamination determination will eliminate the issue of validity of the challenged patents at trial.

Defendant opposes the Motion to Stay, contending that defendant has conducted extensive discovery, that the case is set for trial; that plaintiff has shown no "clear case of hardship or inequity in being required to go forward with this suit as previously agreed" during the status conference; and that plaintiff has conducted no discovery. Plaintiff replies that plaintiff has taken the depositions of the three inventors of plaintiff's patent, a draftsman whose name appears in the drawings of the first machine sold by plaintiff, and the deposition of a representative of plaintiff's customer who purchased the first machine.

## DISCUSSION

Clearly, it is within the court's discretion whether to stay litigation pending reexamination. The parties do not cite, nor does Westlaw reveal, any Supreme Court or 9th Circuit law on the issue. Both parties cite *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed.Cir.1983). The court in

*Gould* upheld an Order of the District Court for the Middle District of Florida staying proceedings before it until conclusion of a reexamination of the validity of a patent.

The present stay has thus not terminated the action but has merely shifted to the PTO an issue (patent claim validity) involved in the dispute before the district court. One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding). Early versions of what became the reexamination statute, 35 U.S.C. §§ 301–307 (Supp. V 1981), expressly provided for a stay of court proceedings. S. 1679, 96th Cong., 1st Sess. § 310 (1979); S. 2446, 96th Cong., 2d Sess. § 310 (1980). An express provision was deemed unnecessary, however, as explained in the House report:

The bill does not provide for a stay of court proceedings. It is believed by the committee that *stay provisions are unnecessary in that such power already resides with the Court* to prevent costly pretrial maneuvering which attempts to *circumvent* the reexamination procedure. It is anticipated that these measure provide a useful and necessary *alternative* for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.

*Id.* at 1342 (citing H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S.Code Cong. & Admin.News 1980, pp. 6460, 6463). Plaintiff cites *Lofflan Bros. Co. v. Mid–West Energy Corp.,* 225 (D.C.W.D.OK.1985) where the court stated:

The technical expertise provided by the reexamination proceeding, including a final determination by the PTO examiner, will be extremely helpful to this Court should further consideration of this matter be necessary. Indeed, the Court invites a final determination by the PTO as to the validity of plaintiff's patent claims.

The reexamination procedure has the potential to eliminate trial on the issue of patent infringement, should all of the patent's claims be canceled. It is equally possible for all of the claims in plaintiff's patent to be upheld, or to be narrowed in some degree. In any event, the expert view of the Patent Office examiner will certainly benefit this Court. Thus, the Court is of the opinion that a stay of the trial of this matter should be granted to allow the PTO to complete the reexamination proceeding.

*Lofflan* is factually distinguishable from the instant case. In *Lofflan,* it was the defendants who instituted the reexamination and requested the stay. Here it is plaintiff who instituted both this litigation and the reexamination and is requesting a stay. Additionally, *Lofflan* did not involve a long stay as is the case here. The *Lofflan* decision was entered on Jan. 3, 1985 and a final action in the reexamination proceeding was expected near the end of January 1985. Here, neither party has indicated how long it might be before a decision on the reexamination might be made, and indicate it would be at least 1 year before the reexamination determination is made.

Defendant R.A. Pearson contends that a stay would unduly prejudice defendant. It is argued that plaintiff has notified the packaging industry, including actual and/or potential customers of defendant, that defendant has been sued for patent infringement. It is not disputed that plaintiff has that right. However, it is further argued that this Motion for a Stay is the latest in a long series of delaying tactics involving the patent at issue here. Defendant points out that the patent was not issued until 6 years after plaintiff made its first application. Examiner Culver of the PTO observed in a letter addressed to the attorney representing the plaintiff:

It is noted that four parent cases have reached condition for allowance only to be abandoned and refiled with identical claims. Applicants are advised that a patent has many of the elements of a contract. The American public reason-

ably expects to be timely apprised of applicants' disclosure in return for a grant making or using the invention for a period of 17 years. No reasons for the constant refiling of this application can be gleaned from the record. It is the examiner's position that the spirit of the patent law is violated by constant refiling in at least two ways: (1) The public is being denied timely access to applicant's disclosure and (2) the termination of the 17 year period is being effectively prolonged. Applicants are requested to expedite the patenting of this application.

At the conclusion of prosecution of the last-filed application, Examiner Culver sent Mr. Olsson a "Notice of Allowability", dated 12/1988, which repeated the above statement and added:

> Applicants are hereby advised that, should this application be abandoned and a continuation filed, the continuation will be subject to a rejection on the doctrine of laches.

Defendant cites *Enprotech Corp. v. Autotech Corp.*, 15 USPQ 2d 1319, 1990 WL 37217 (N.D.Ill.1990).

> More compelling is plaintiff's contention that the reexamination will not resolve everything. If the claims were canceled it might end it all—if there were no longer any threat of a claim of infringement it is questionable whether plaintiff could continue this action solely to establish that it was an exceptional case. But if any of the claims survived we would be right back here to litigate the claim that the patent should not be enforced... Most compelling, however, is the fact that discovery here is almost completed and the case is set for trial. Plaintiff's customers apparently are advised that defendant contends that plaintiff is infringing. Plaintiff wants to have the matter resolved.
>
> We are too far along the road to justify halting the journey while the defendant explores an alternate route. The motion to stay is denied.

The court is satisfied that it would not be fair to allow plaintiff to institute this action, agree to cutoff dates, have defendant conduct extensive discovery and then allow plaintiff to file for reexamination of the patent and stay this action. Additionally, the court in *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed.Cir.1988) held that reexamination by the PTO should not be stayed pending litigation in court. The court noted that it would be entirely reasonable that the two forums might reach opposite conclusions regarding a patent's validity because (1) the forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions, (2) a court's decision is likely to be based on a more complete record, (3) district court litigation may include challenges to validity which the PTO cannot consider, and (4) the two forums have different standards of proof for determining invalidity.

In it's reply, plaintiff cites *Ingro v. Tyco Industries, Inc.*, 227 USPQ 69, 1985 WL 1649 (D.C.N.D.Ill.1985) as another case where the court found a stay pending reexamination appropriate. Again, it was the plaintiff in that case who resisted the stay. The court noted that plaintiff had delayed commencing litigation for nearly 7 years, stating:

> The court agrees that especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings, which on the average involve 15.9 months from filing date to termination in the PTO, will constitute neither undue nor unreasonable delay.

Plaintiff has provided no authority where a plaintiff in a patent infringement case has instituted litigation in court, advised customers of its competitor of the litigation then requested reexamination by the PTO and requested a stay of the litigation pending the reexamination. The court agrees with defendant that a stay of this suit would be prejudicial to defendant and give plaintiff an unfair competitive advantage. Defendant has conducted discovery and plaintiff has notified defendant's actual and/or potential customers of this pending litigation. The court further finds that defendant is entitled to a speedy resolution of

this matter, as is the plaintiff. Accordingly, plaintiff's Motion to Stay must be and is DENIED.

IT IS SO ORDERED.