**ASCII CORPORATION, Plaintiff,**

v.

**STD ENTERTAINMENT USA, INC., Defendant.**

**No. C–93–3415–VRW.**

United States District Court, N.D. California.

Feb. 28, 1994.

Curtis E.A. Karnow, Beth Aboulafia, Landels, Ripley & Diamond, San Francisco, CA, for plaintiff ASCII Corp.

Cooley Godward Castro Huddleson & Tatum, Karen J. Kubin, Constance E. Norton, San Francisco, CA, for defendant STD Entertainment (U.S.A.), Inc.

WALKER, District Judge.

Plaintiff ASCII Corporation brought a motion to stay proceedings pending the outcome of reexamination and/or reissuance proceedings in the United States Patent and Trademark Office or, in the alternative, to dismiss without prejudice pursuant to F.R.C.P. 41(a)(2). The matter was heard on February 18, 1994.

## I

This case involves an action for patent infringement and false marking by ASCII Corporation ("ASCII") against STD Entertainment USA, Inc. ("STD"). ASCII and STD are both in the business of, among other things, manufacturing home video game peripherals, which include the hand-held devices used to control the actions of figures and characters in video games. ASCII holds United States patent 4,870,389 that pertains to one of these hand-held devices. The '389 patent describes a "hands-free" auto-fire invention which allows the player to have either automatic and continuous firing of a weapon or the ability to move an item on the screen without having to move one's hands.

In early 1993, two weeks before a major industry trade show, ASCII contacted a number of manufacturers of video game peripherals, including STD, and informed each of the competitors that ASCII believed that each was infringing its patent. ASCII offered each of the competitors a license. After reviewing the matter with patent counsel, STD responded by letter stating that: its products did not infringe ASCII's patent; it did not wish to purchase a license from ASCII; it had heard that ASCII was spreading rumors that STD was infringing ASCII's patent; and it wanted ASCII to cease spreading such rumors.

In a subsequent letter, STD offered to arrange a conference call to clear up any issues over ASCII's infringement claim. The conference call took place on June 11, 1993. Both parties explained their position but the parties did not resolve the matter. STD questioned whether ASCII's patent was invalidated by "prior art." ASCII requested that STD provide it with any "prior art" that it was aware of. STD responded by saying that they were not aware of any "prior art" but that they would look into it. Three weeks later, after not hearing from STD, ASCII inquired whether STD had located any "prior art." STD did not respond. Three months passed without any response from STD. ASCII decided that it had no choice but to file suit. ASCII filed its complaint on September 14, 1993.

After being served with process, STD started its search for "prior art." Just before STD's answer was due, it informed ASCII of the existence of identifiable "prior art." ASCII offered to give STD an extension of time in which to file its answer so that ASCII would have time to investigate the "prior art" claim before the litigation proceeded any further. STD declined the offer and filed its answer on November 17, 1993. Consequently, ASCII could no longer unilaterally dismiss without prejudice.

Subsequently, ASCII's patent counsel determined that it was appropriate to have the "prior art" allegations examined in the Unit-

ed States Patent and Trademark Office ("USPTO"). ASCII suggested to STD a variety of methods for disposing of the litigation, including stays, dismissals, and stipulations. STD refused all of ASCII's offers instead insisting on a dismissal with prejudice and payment of STD's costs and attorney fees. ASCII refused STD's demands. Accordingly, ASCII filed this motion to stay the proceedings or, in the alternative, dismiss without prejudice.

· ASCII's motion to stay the proceedings is addressed below.

## II

█ ASCII moves this court to "stay this litigation pending the outcome of the [reexamination and/or re-issue] proceedings in the USPTO." In support of its motion, ASCII notes that "Congress enacted the [USPTO] reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *Digital Magnetic Systems, Inc. v. Ansley*, 213 USPQ 290 (W.D.Okla.1982). The primary purpose of the reexamination procedure is to "eliminate trial of that issue (when the [patent] is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [USPTO] (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983).

█ Early drafts of the reexamination statute expressly provided for a stay of court proceedings during reexamination. *Id.* An express provision was deemed unnecessary by the committee, however, since courts already had the power to stay civil actions "to prevent costly pretrial maneuvering which attempts to *circumvent* the reexamination procedure." *Id.* Accordingly, the decision to grant or deny a motion to stay proceedings pending the outcome of a USPTO reexamination proceeding rests with the sound discretion of the court. *GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60, 66 (D.N.J. 1992).

In determining whether to grant a stay, courts generally consider whether doing so would "cause undue prejudice or present a clear tactical disadvantage to the non-moving party." *GPAC*, 144 F.R.D. at 63. Other factors considered are "the * * * stage in the litigation, [whether] discovery [is] or [will] be almost completed, [and whether] the matter [has] been marked for trial." *Id.* at 64.

In *GPAC*, a patent infringement action, defendant brought a motion to stay the proceedings pending the outcome of reexamination proceedings in the USPTO. *Id.* at 61. The court noted that federal courts have the power to control their dockets, which includes the ability to stay proceedings pending the outcome of a USPTO reexamination proceeding. *Id.* at 62. In ruling on the motion before it, the court focused on the following: (1) approximately 16 months had passed since the suit was filed; (2) substantial discovery had yet to occur; (3) a final pre-trial order would not be submitted for some time; and (4) plaintiff had not demonstrated that substantial expense and time had been invested in the litigation which would militate against granting the motion. *Id.* at 64–65. Accordingly, the court granted defendant's motion to stay, reasoning that the benefits of doing so clearly outweighed any burden to plaintiff. *Id.* at 66.

█ In its opposition to ASCII's motion to stay the proceedings, STD correctly points out that "without exception, the cases relied upon by ASCII in support of its argument that the Court should stay this action all procedurally arise in a context where one party [i.e., the defendant] has *already* petitioned the USPTO for reexamination or reissuance of the patent-in-suit." Although this is true, it is a distinction without a difference because the court has the inherent ability to grant a stay of proceedings provided that it does not "cause undue prejudice or present a clear tactical disadvantage to the non-moving party."

Additionally, STD argues that granting ASCII's motion to stay "would result in severe prejudice to STD." In support of its argument, STD cites *Wayne Automation Corp. v. R.A. Pearson Co.*, 782 F.Supp. 516 (E.D.Wash.1991). *Wayne*, however, is distinguishable.

In *Wayne,* a patent infringement action, plaintiff sought to stay proceedings pending the outcome of USPTO reexamination proceedings. *Id.* at 517. Defendant opposed the stay on the grounds that: (1) it had conducted extensive discovery; (2) the case had already been set for trial; (3) plaintiff had shown no "clear case of hardship or inequity in being required to go forward with [the] suit as previously agreed" during the status conference; and (4) plaintiff had conducted no discovery. *Id.* The court agreed with the defendant that a stay would be "prejudicial to defendant and give plaintiff an unfair competitive advantage." *Id.* at 519. In ruling on the motion, the court stated that "[p]laintiff has provided no authority where a plaintiff in a patent infringement case has instituted litigation in court, advised customers of its competitor of the litigation then requested reexamination by the USPTO and requested a stay of the litigation pending the reexamination." *Id.* Accordingly, the court concluded that a speedy resolution of the suit was in the best interest of both parties and denied plaintiff's motion to stay. *Id.* at 519–20.

In this case, by contrast, a stay pending the outcome of USPTO reexamination and/or reissuance proceedings is a sound means by which the court may facilitate resolution of this action. It is clear from the cases cited by both parties that there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings. Here, unlike in *Wayne,* the parties are in the initial stages of the lawsuit and have undertaken little or no discovery. Moreover, the case has not been set for trial, nor have the parties agreed to go forward with the lawsuit. In fact, it appears that the parties are not able to agree on anything. Although STD alleges that ASCII has informed customers of the pending lawsuit, STD has not provided any basis for its contention that ASCII is spreading rumors that STD is infringing its patent. Pure conjecture on the part of STD's counsel is not sufficient. Based on the above, the court concludes that ASCII should be given the opportunity to file an application for reexamination and/or reissuance, since the USPTO's expertise may assist both the parties and the court in resolving this matter.

Accordingly, ASCII's motion to stay this action pending the outcome of the USPTO's reexamination or reissuance proceedings is hereby **GRANTED,** provided that ASCII file its application with the USPTO within 30 days from the date of this order, file with this court proof of that filing, and also file status reports on the reexamination or reissue proceedings every 60 days.

IT IS SO ORDERED.