**LENTEK INTERNATIONAL, INC., Plaintiff,**

v.

**SHARPER IMAGE CORP., Defendant.**

**LENTEK International, Inc., Plaintiff,**

v.

**Zenion Industries, Inc., Defendant.**

**Sharper Image Corporation, Plaintiff,**

v.

**LENTEK International, Inc., Defendant.**

Nos. 6:99–CV–922–ORL–19JGG, 6:00–CV–975–ORL–31JGG, 6:00–CV–792–ORL–19JGG.

United States District Court, M.D. Florida, Orlando Division.

Sept. 6, 2001.

Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, FL, for Lentek International, Inc.

Alan L. Barry, Amy J. Gast, Bell, Boyd & Lloyd, LLC, Chicago, IL, John A. Reed, Jr., James Steven Toscano, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, Michael P. McMahon, Akerman, Senterfitt & Eidson, P.A., Orlando, Fl, Richard C Himelhoch, Roger H. Stein, Wallenstein & Wagner Ltd, Chicago, IL, Jeffrey W. Shopoff, Gregory S. Cavallo, Jeffer, Mangels, Butler & Marmaro, LLP, San Francisco, CA, E. Robert Wallach, San Francisco, CA, Edward L. Bishop, Wallenstein & Wagner, LLP, Chicago, IL, for Sharper Image Corp.

Terry C. Young, John A. Reed, Jr., James Steven Toscano, Lowndes, Dros-dick, Doster, Kantor & Reed, P.A., Orlando, FL, Craig M. Stainbrook, Johnson & Stainbrook, LLP, San Rafael, CA, for Zenion Indus., Inc.

## ORDER

FAWSETT, District Judge.

This cause came before the Court on the following matters:

(1) Motion and Supporting Memorandum of Zenion Industries, Inc. ("Zenion") and Sharper Image Corporation ("SI") for: (1) Separate Trial and Stay of U.S. Patent No. 4,789,801 ("801 patent") Infringement Case; and (2) Trial Date Certain or to Continue Trial of Remaining Case (Doc. No. 183, filed August 10, 2001);

(2) LENTEK's Response to Sharper Image's and Zenion's Motion for (1) Separate Trial and Stay of U.S. Patent No. 4,789,801 Infringement Case; and (2) Trial Date Certain or to Continue Trial of Remaining Case (Doc. No. 185, filed August 21, 2001).

### PROCEDURAL HISTORY

With regard to the above motion, on July 29, 1999, LENTEK filed a patent suit in this Court against SI seeking a declaratory judgment of invalidity, unenforceability and non-infringement of United States Patent No. 4,789,801. *LENTEK v. Sharper Image,* 6:99–CV–922–Orl–19JGG ("Case 922" Doc. No.1). United States Patent 801 sets forth claims for an electrostatic precipitator invention. Electrostatic precipitator technology can be used in the following consumer products: (1) plug in air purifiers; (2) large pet brushes; (3) small pet brushes; (4) lint brushes; (5) hair brushes; (6) compact air purifiers; (7) personal air units; and (8) closet and travel cleaners.

In its response to LENTEK's suit, SI counterclaimed that LENTEK was in-

fringing patent 801 in "a variety of products" for air purification and ionic brushes. (Doc. 43, Case 922,filed June 6, 2000).

Patent 801 is owned by Zenion, and Zenion licensed SI to use the patent in many of the products listed above. LENTEK also sued Zenion seeking a declaratory judgment of invalidity, unenforceability, and non-infringement of the 801 patent. *LENTEK International, Inc., v. Zenion Industries, Inc.*, 6:00–CV–725–ORL–31JGG.[1]

Because the issues involved in determining the validity of 801 patent are highly technical, on July 30, 2001, the Court held a hearing on the pending motions regarding the claims of the 801 patent. At that time, the Court was unaware that on July 25, 2001, the United States Patent and Trademark Office ("PTO") had granted LENTEK's request to reexamine the 801 patent. In light of the PTO's decision, SI now asks this Court to separate the claims relating to the 801 patent from the remainder of the case and to stay further action on the 801 claims pending a decision of the PTO. It further seeks a trial date certain or to continue the trial of the remaining issues in the case.

### ANALYSIS

All parties in the instant case agree that under current case law it is entirely within the discretion of the District Court to order a stay pending conclusion of a reexamination by the PTO. *See*

*Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988); *ASCII Corporation v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378,1379 (N.D.Cal.1994) (citing *GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60, 66 (D.N.J.1992)).

Reexamination of patent validity is authorized under 35 U.S.C. Section 301 et. seq. PTO. As several courts have noted, the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office. *See Patlex Corporation v. Mossinghoff*, 758 F.2d 594, 603 (Fed.Cir. 1985), modified on other grounds, 771 F.2d 480 (1985); *Grayling Industries v. GPAC*, 19 U.S.P.Q.2d 1872 (N.D.Ga.1991); *Harris v. Metal Manufacturing, Inc.*, 19 U.S.P.Q.2d 1786, 1789 (E.D.Ark.1991).[2]

Despite the fact that stays are generally favored, several courts have denied a stay where it would cause undue prejudice, present a clearly tactical disadvantage to the non-moving party, or when the case is in a late stage of litigation and has already been marked for trial. *See E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.*, 711 F.Supp. 1205 (D.Del.1989) (Court refused a stay where it would result in a tactical advantage for one party or the other); *Wayne Automation Corp. v. R.A. Pearson Co.*, 782 F.Supp. 516 (E.D.Wash.

---

1. On October 27, 2000, after a hearing on the matter, *LENTEK International v. Sharper Image Corp.*, 6:99–CV–922–ORL–19JGG and *LENTEK International, Inc. v. Zenion Industries, Inc.*, 6:00–CV–725–ORL–31JGG, were consolidated with *Sharper Image Corporation v. LENTEK International, Inc.*, 6:00–CV–975–19JGG, under the lead Case 922.

2. Early versions of the statute expressly provided for a stay of court proceedings during reexamination. An express provision was

deemed unnecessary in the current version however, because it was believed that power already resided with the Court. The drafters anticipated that reexamination provided a useful and necessary alternative for patent challengers and owners to test the validity of patents in an efficient and relatively inexpensive way. *Gould v. Control Laser Corporation*, 705 F.2d 1340, 1342 (Fed.Cir.1983) (citing H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess.4 (1980)), U.S.Code Cong. & Admin.News 1980, pp. 6460, 6463.

1991) (Court refused a stay where extensive discovery had been conducted, the case had already been set for trial, plaintiff had shown no clear case of hardship in being required to go to trial, and plaintiff had conducted no discovery).

In the instant case, the Court finds that neither party would gain an unfair tactical advantage from granting a stay pending the PTO reexamination. While LENTEK asserts that it would suffer from SI's alleged continued harassment of its customers during the busy fall season, it was LENTEK who petitioned the PTO for a reexamination. And, as SI/Zenion point out, LENTEK is hardly in a position to complain about the timing of the reexamination since LENTEK did not file its petition until May 1, 2001, nearly two years after filing its request for a declaratory judgment with this Court.

Unquestionably, it would have been better had the reexamination petition been filed earlier. However, in view of the complexity of the underlying issues, the Court and the parties are still better served by receiving the technical expertise provided by the PTO.[3]

The Court is currently working on pending motions the parties directed to other claims. The case is scheduled for trial on the October 2001 trial docket. The Court will endeavor to give the parties a date certain for the commencement of the trial when it has determined the motions under advisement and ascertained the status of its criminal docket for that month. However, the parties should be prepared to try this case as currently scheduled to begin in the October 2001 trial term.

**3.** Since the issue of the doctrine of equivalents will also be an issue in the 801 patent litigation, guidance from the U.S. Supreme Court on this subject may occur in in the interim in its review of *Festo Corp. v. Kinzoku*

*CONCLUSION*

Therefore, the Motion for Separate Trial and Stay of U.S. Patent No.4,789,801 ("801 Patent") and to Set a Trial Date Certain as stated herein is **GRANTED**. (Doc. No. 183)

*Kogyo Kabushiki Co. Ltd.,* 234 F.3d 558 (Fed. Cir.2000) *cert granted,*—— U.S.——, 121 S.Ct. 2519, 150 L.Ed.2d 692, 69 U.S.L.W.3673 (2001) (No.00–1543)during the October, 2001 term.