**UNIVERSAL ELECTRONICS, INC., Plaintiff,**

v.

**UNIVERSAL REMOTE CONTROL, INC., Defendant.**

Case No. SACV 12–00329 AG(JPRx).

United States District Court, C.D. California.

May 2, 2013.

Anna R. Buono, Martin L. Fineman, Davis Wright Tremaine LLP, Los Angeles, CA, Brian E. Haan, Christopher J. Lee, David J. Sheikh, Frederick C. Laney, Laura A. Kenneally, Raymond P. Niro, Sr., Niro Haller and Niro Ltd., Chicago, IL, for Plaintiff.

Douglas A. Miro, Martin Pfeffer, Michael F. Hurley, Ostrolenk Faber LLP, New York, NY, Brian K. Brookey, Christie Parker and Hale LLP, Glendale, CA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW

ANDREW J. GUILFORD, District Judge.

Defendant Universal Remote Control, Inc. ("Defendant") moves to stay this litigation pending *inter partes* review of U.S. Patent Nos. 5,414,426 (the "'426 Patent"), 5,614,906 (the "'906 Patent"), and 6,587,067 (the "'067 Patent"). Plaintiff Universal Electronics, Inc. ("Plaintiff") opposes the Motion. The Court DENIES the Motion.

## *BACKGROUND*

Plaintiff and Defendant are competitors in the universal remote control business. On March 2, 2012, Plaintiff filed this suit, alleging infringement of the '426 Patent, the '906 Patent, the '067 Patent, and U.S. Patent No. 5,568,367 (the "'367 Patent"). Both the '426 Patent and the '067 Patent have expired. On January 22, 2013, before the *Markman* hearing, Defendant filed a Notice of Intent to File Petitions for *Inter Partes* Review, notifying the Court that it was preparing to file the petitions and that it would seek to stay the case pending the outcome of the PTO proceedings. On February 1, 2013, the Court issued its Claim Construction Order, which invalidated the only relevant claim in the '367 Patent. From February 6, 2013 through February 26, 2013, Defendant filed three petitions for *inter partes* review, one for each of the '426, '906, and '067 Patents. On March 11, 2013, Defendant filed this Motion.

## *LEGAL STANDARD*

### 1. INTER PARTES REVIEW

The Leahy–Smith America Invents Act ("AIA") intended to improve the former *inter partes* reexamination proceeding with a new *inter partes* review proceeding. 35 U.S.C. §§ 311–319. Pursuing the AIA's goal "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs," the PTO sought "to create a timely, cost-effective alternative to litigation" in crafting the *inter partes* review regulations. *Changes to Implement Inter Partes Review Proceedings, Post–Grant Review Proceedings, and Transitional Program for Covered Business Method Patents,* 77 Fed.Reg. 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.). The *inter partes* review procedure is designed (1) to reduce to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months (*id.* at 48,725); (2) to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review (*id.* at 48,721); and (3) to allow

limited discovery in the review proceedings (*id.* at 48,719).

*Inter partes* review allows a party other than the patentee to bring an adversarial proceeding in the PTO to establish that the patent claims are invalid under 35 U.S.C. §§ 102 or 103. 35 U.S.C. § 311. A significant change from *inter partes* reexamination to *inter partes* review is that it "converts inter partes reexamination from an examinational to an adjudicative proceeding." H.R.Rep. No. 112–98, 46 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 77. While *inter partes* reexamination was conducted through amendment-and-response practice before a PTO examiner, *inter partes* review will be conducted before a panel of three technically-trained Administrative Patent Judges of the newly formed Patent Trial and Appeal Board ("PTAB"). 35 U.S.C. § 6. The parties can take discovery and respond to each other's arguments, and have the right to an oral hearing. 35 U.S.C. § 316(a)(5), (8), (10), and (13). The petitioner need only prove invalidity by a preponderance of the evidence. 35 U.S.C. § 316(e). The parties may also settle. 35 U.S.C. § 317. PTAB decisions will be appealed directly to the Federal Circuit. 35 U.S.C. § 319; 35 U.S.C. § 141(c).

After a party has filed a petition requesting *inter partes* review, the patent owner has three months to file a preliminary response opposing the request. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). Within three months of the time set for the patent owner's response, the PTO will grant the *inter partes* review request if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). This standard for granting review is more stringent than the previous "substantial new question of patentability" standard. If the PTO grants review, a final determination

must be issued "not later than 1 year" after the petition is granted. 35 U.S.C. § 316(a)(11). The one-year period may be extended for good cause by not more than 6 months, although "[e]xtensions of the one-year period are anticipated to be rare." 77 Fed.Reg. at 48,695. The patent owner has an opportunity to add or amend claims during *inter partes* review. 35 U.S.C. § 318(b). After review concludes, the requester is estopped from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).

The statute also seeks to limit the abuse of *inter partes* review as a tool for tactical delay by requiring that a defendant petition for review within one year after being served with the complaint. 35 U.S.C. § 315(b). This one year limit sets a ceiling on the PTO's ability to commence *inter partes* review where there is ongoing litigation. The one year ceiling does not change the fact that delay in seeking the PTO's review of a patent within that year can adversely affect a district court's view of a request for a stay pending review.

## 2. MOTION TO STAY PENDING PTO REVIEW

While *inter partes* review is new, at least one court has already analyzed motions to stay pending *inter partes* review using the framework applicable to motions to stay pending reexamination, and the Court does so now. *See Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12–0021 JST (JPRx), 2012 WL 7170593, at *1, n. 1 (C.D.Cal. Dec. 19, 2012) ("The Court sees no reason why the three factor assessment would not still be relevant [to the new *inter partes* review proceeding]."). Three significant factors in deciding whether to stay an action are: "(1) whether discovery is com-

plete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.,* No. SACV 09–0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D.Cal. Apr. 12, 2010) (quoting *Telemac Corp. v. Teledigital, Inc.,* 450 F.Supp.2d 1107, 1111 (N.D.Cal.2006)).

■■■ The inquiry is not limited to these three factors. Rather, "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.,* No. SACV 07–01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D.Cal. Apr. 9, 2009) (citation omitted). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed.Cir.1988) (citations omitted). "'There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery.'" *Aten,* 2010 WL 1462110, at *6 (quoting *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.,* No. C 06–2252 SBA, 2007 WL 627920, at *1 (N.D.Cal. Feb. 26, 2007) (quoting *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F.Supp. 1378, 1381 (N.D.Cal. 1994))). But "[c]ourts are not required to stay judicial proceedings pending re-examination of a patent." *Aten,* 2010 WL 1462110, at *6 (quoting *Nanometrics,* 2007 WL 627920, at *1).

## ANALYSIS

The Court now reviews the three significant factors, and other considerations, regarding stays.

## 1. STAGE OF THE PROCEEDING

■■■ The first factor is the stage of the proceedings, including "whether discovery is complete and whether a trial date has been set." *Aten,* 2010 WL 1462110, at *6. Plaintiff argues that the case is not in its procedural infancy, as Plaintiff already served written discovery, and a trial date has been set for April 15, 2014. (Pl.'s Opp'n to Def.'s Mot. to Stay ("Opp'n") 6.) Further, the Court held a *Markman* hearing and issued its claim construction ruling. (*Id.* at *7.) Defendant argues that fact discovery commenced only on March 4, 2013, no electronic discovery has occurred, and no depositions have been noticed, so the parties have not substantially invested time and money in discovery. (Def.'s Corrected Mem. in Supp. of Mot. to Stay ("Mot.") 9.)

■■■ While not much discovery has occurred, Defendant did not file its *inter partes* review petitions until almost a year after being served with the complaint, and during that time the Court spent substantial effort construing the claims. The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings. *See Interwoven, Inc. v. Vertical Computer Sys., Inc.,* No. C 10–04645 RS, 2012 WL 761692, at *4 (N.D.Cal. Mar. 8, 2012) (denying stay, noting that discovery was well underway, but that "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order."); *APP Pharm., LLC v. Ameridose LLC,* CIV.A. No. 10–4109 JAP, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011) ("The Court having invested significant resources in becoming familiar with the patents, relevant art, the parties' drug products, claim construction and the like, it would be a waste of judicial resources to put off litigating the instant matter for the length of time

necessary to conclude the reexamination process."). That the schedule in this case set discovery to occur after claim construction does not mean that the case remains in its procedural infancy until discovery is well underway. While prior art searching and preparing PTO petitions takes time, and *inter partes* review was not available until mid-September 2012, Defendants could have filed its petitions and this motion before claim construction. This factor weighs against a stay.

## 2. SIMPLIFICATION OF ISSUES IN QUESTION

The second factor the Court considers is "whether a stay will simplify the issues in question and trial of the case." *Aten*, 2010 WL 1462110, at *6. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C–94–20775 RPA (EAI), 1995 WL 20470, at *2 (N.D.Cal. Jan. 13, 1995). This is particularly true when a party has requested PTO review of each of the patents-in-suit, which Defendant has effectively done by requesting review of the three patents that survived the *Markman* hearing. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–CV–02168–EJD, 2011 WL 4802958, at *3 (N.D.Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because the defendant's request for reexamination included all claims at issue in the litigation). At the hearing on this motion, Plaintiff announced its plan to move for reconsideration of the portion of the Court's Claim Construction Order that invalidated the '367 Patent. The Court expresses no opinion on the merits of Plaintiff's motion for reconsideration, but Plaintiff's stated intention to add complexity to the case does not help its position on this factor. That the Court will be required to reconsider issues makes the Court more, rather than less, inclined to rely on the simplification that could be provided by PTO review.

Defendant argues that the *inter partes* reviews could eliminate some or all of the infringement issues, and that even if the asserted claims survive, the case will be simplified because Defendant will be estopped from asserting invalidity on any ground that it raised or reasonably could have raised during *inter partes* review. (Mot. 7, citing 35 U.S.C. § 315(e)(2)). Defendant argues that the '426 Patent and the '067 Patent cannot be amended because they have already expired. (*Id.*) Because, historically, approximately 89% of *inter partes* reexaminations have resulted in claim cancellation or amendment, Defendant contends there is a significant likelihood that the PTO will find at least some of the claims of the three patents wholly invalid during *inter partes* review. (*Id.* at 6 (citing *Inter Partes* Reexamination Filing Data–June 30, 2012, Brookey Decl., Ex. E).)

Plaintiff concedes that Defendant could not re-try the same invalidity arguments presented in the *inter partes* review. But Plaintiff argues that Defendant will assert new theories of invalidity after the *inter partes* review, because Defendant did not include all the references identified in its invalidity contentions in its *inter partes* review petitions. (Opp'n 9.) This argument fails because the plain language of the statute prevents Defendant from asserting invalidity "on any ground that [Defendant] raised or **reasonably could have raised** during [the] *inter partes* review it has submitted." 35 U.S.C. § 315(e) (emphasis added).

Plaintiff notes that Defendant's *inter partes* review petitions have not yet been granted or denied, and that they must

meet a standard—"reasonable likelihood of prevailing on the challenge" to the claim—that is higher than the old standard. (Opp'n 7.) Thus, Plaintiff argues, the PTO is less likely to grant Defendant's *inter partes* review petitions than it would have been if they were filed under the *inter partes* reexamination regime. (*Id.* at 7–8) That argument is a double-edged sword, because it means that if the petitions are granted, it is more likely that the PTO will invalidate the claims. If the PTO cancelled at least some of the challenged claims in 89% of *inter partes* reexaminations, it seems likely that this percentage will be higher in *inter partes* reviews, because the *inter partes* review requests granted by the PTO must satisfy a more restrictive standard.

The undecided status of the petitions clouds the simplification inquiry. While courts have granted stays before the USPTO has issued a reexamination order, *see, e.g., ASCII*, 844 F.Supp. at 1380–81, the fact that the petitions have not yet been granted or denied makes it more difficult to predict whether the issues are likely to be simplified.

If the PTO grants *inter partes* review, the issues would likely be simplified, either through invalidation of claims or by narrowing Defendant's defenses through estoppel. This factor weighs in favor of a stay.

## 3. UNDUE PREJUDICE OR CLEAR TACTICAL DISADVANTAGE

■ Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten*, 2010 WL 1462110, at *6. Mere delay in the litigation does not establish undue prejudice. *Research in Motion, Ltd. v. Visto Corp.*, 545 F.Supp.2d 1011, 1012 (N.D.Cal.2008); *see also Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.*, No.

06–CV–1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D.Cal. Sept. 10, 2007) ("Protracted delay is always a risk inherent in granting a stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").

Defendant argues that the one-year timeline of the *inter partes* review reduces the likelihood of undue prejudice to Plaintiff compared to the old *inter partes* reexamination process, which could take years to complete. (Mot. 11.) Defendant argues that it did not unduly delay its request for PTO review, and that Plaintiff waited for years before asserting infringement of its patents, two of which have expired. (*Id.* at 12–13.) Defendant also contends that Plaintiff will not be prejudiced because it can be fully compensated by monetary damages if it prevails both in the *inter partes* review and at trial. (*Id.* at 13.)

Plaintiff argues that it will be prejudiced beyond mere delay because Defendant is its direct competitor, and Plaintiff could therefore lose market share to Defendant during the stay. (Opp'n 11.) Plaintiff also argues that the timing of Defendant's *inter partes* review petitions suggests that they were filed as a tactical move in an attempt to delay trial. (*Id.*)

Plaintiff is correct that it could take up to six months from the filing date of the *inter partes* review petitions for the PTO to decide whether to grant the petitions. And the *inter partes* review, normally required to be completed in a year, can be extended for good cause for six months. There could be a two year delay, even before any appellate proceedings that will likely arise out of the *inter partes* review.

Courts have found that "infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Ava-*

go Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc., No. 10–CV–02863–EJD, 2011 WL 3267768, at *5 (N.D.Cal. July 28, 2011) (citing Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1327–28 (Fed.Cir. 2008)). "Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude." Id.; ADA Solutions, Inc. v. Engineered Plastics, Inc., 826 F.Supp.2d 348, 351 (D.Mass.2011) ("prejudice [to the patentee] is heightened when parties to litigation are direct competitors; in such cases, courts presume that a stay will prejudice the non-movant."). Other courts have declined to find prejudice even where the parties are direct competitors. See Sonics, Inc. v. Arteris, Inc., No. C 11–05311 SBA, 2013 WL 503091, at *4 (N.D.Cal. Feb. 8, 2013) (holding that there was no undue prejudice from continued potentially infringing sales during the stay period because "Plaintiff's legal and equitable remedies will be available when the stay is lifted"); E.I. Du Pont De Nemours & Co. v. MacDermid Printing Solutions LLC, No. CIV.A. No. 10–3409 MLC, 2012 WL 2995182, at *4 (D.N.J. July 23, 2012) ("While the Court appreciates [plaintiff]'s concern that [defendant] will continue to sell its allegedly infringing product during the course of the stay, thereby further eroding [plaintiff]'s market share and resulting in substantial loss of profits and goodwill, the Court notes that [plaintiff] did not seek a preliminary injunction in this matter."). To the extent that Du Pont turned on the plaintiff's failure to seek a preliminary injunction, the Court disagrees, and instead, agrees with Avago that on a "motion to stay, the Court will not hold against [the patentee] its decision to spare the parties more litigation [in the form of a motion for preliminary injunction]." Avago, 2011 WL 3267768, at *6.

Here, Defendant admits that "[t]he parties are competitors in the business of distributing remote control devices that are used with cable or satellite set top boxes ('subscription TV remote controls') in the United States." (Mot. 2.) During a stay, Plaintiff may lose customers that it would not have lost had the case proceeded, although for the two asserted patents that have already expired, there can be no further lost-customer type harm. The fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case.

As to Plaintiff's concern that Defendant's motion is a tactical move to delay trial, the fact is that neither party has acted particularly quickly here. Plaintiff sent Defendant a letter accusing it of infringement on March 10, 2010, but did not file the present action until March 2012, almost five years after the expiration of the '067 Patent and shortly before the expiration of the '426 Patent. See Du Pont, 2012 WL 2995182, at *5 (noting that "[d]elay is a two way street" and that "given [plaintiff]'s concerns over lost profits, goodwill and market share, the Court wonders why [the plaintiff] did not file an infringement suit sooner."). To the extent Defendant sought a tactical advantage, it appears to have been to obtain the Court's claim construction before filing its inter partes review petitions, perhaps to see if they were necessary, as Defendant did not petition for review of the '367 Patent, which the Court's claim construction removed from consideration in this case. That strategy negatively impacted the likelihood that this motion would be granted, but nothing suggests that Defendant sought tactical delay.

Plaintiff may suffer some prejudice resulting from the stay, although the level of prejudice is less than compelling given Plaintiff's own delay. The Court finds that this factor weighs slightly against a stay.

## 4. OTHER CONSIDERATIONS

The three-factor analysis just discussed, while important, does not capture every relevant consideration. "Although many courts have focused on the [three factors], absent any controlling precedent limiting the inquiry to these elements, the Court finds that the analysis is not so limited but rather that 'the totality of the circumstances governs.'" *Allergan,* 2009 WL 8591844, at *2 (quoting *Broadcast Innovation L.L.C. v. Charter Commc'ns, Inc.,* CIV.A. No. 03–CV–2223–ABJ–BNB, 2006 WL 1897165, *4, 2006 U.S. Dist. LEXIS 46623, at *13 (D.Colo. July 11, 2006)). Another consideration is the Court's ability to control its docket to ensure that cases are managed in the interest of justice. The Court is concerned that allowing the progress of its docket to depend on the status of proceedings elsewhere can interfere with its obligation "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner." *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.,* No. C 06–04206 WHA, 2007 WL 1052883, at *1 (N.D.Cal. Apr. 5, 2007). This consideration weighs against a stay.

## DISPOSITION

Two out of three factors, as well as the totality of the circumstances, weigh against a stay. The Court DENIES Defendant's Motion.

IT IS SO ORDERED.