40 F.3d 320
 UNITED STATES of America, Plaintiff-Appellee,
v.
SECTION 17 TOWNSHIP 23 NORTH, RANGE 22 EAST OF THE IBM,
DELAWARE COUNTY, OKLAHOMA, containing 4.0 Acres,
more or less, with all buildings,
appurtenances and improvements
thereon, Defendant,
Homer PARMLEY and Elaine Parmley, Claimants-Appellants.
 No. 93-5270.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1994.
 
 Stephen C. Lewis, U.S. Atty., Catherine Depew Hart, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.
 John David Echols and Bryan Lester Dupler of Echols & Dupler, Tulsa, OK, for claimants-appellants.
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This is an appeal from a stay order entered in a civil forfeiture proceeding initiated under 21 U.S.C. Sec. 881(a)(7).[1] Appellants Homer and Mary Elaine Parmley challenge the district court's decision to stay the forfeiture proceedings pending adjudication of criminal charges filed against them in Oklahoma state court. The Parmleys were charged following a search of their property which allegedly revealed sixty-nine marijuana plants and other drug paraphernalia. The Parmleys argue the stay order is improper and that the lawsuit should proceed regardless of the status of the state criminal case.[2]
 
 
 2
 The government filed the forfeiture complaint on January 15, 1993. The Parmleys subsequently entered into an occupancy agreement allowing them to remain on the property during the pendency of the proceedings. Following the district court's entry of a scheduling order, the Parmleys filed extensive discovery requests seeking information about the state criminal proceedings. In particular, they sought depositions of all significant law enforcement personnel and, in addition, requested the identity of a confidential informant. They also sought copies of all reports, notes, or memoranda related to the criminal investigation.
 
 
 3
 Upon receipt of the discovery, the government filed a motion to stay the proceedings pursuant to 21 U.S.C. Sec. 881(i). The government argued the Parmleys' discovery requests, if allowed, would undermine the pending criminal proceedings and give them access to information they could not get in the criminal case. In addition, the government maintained it was in the Parmleys' best interest to stay the action because it would save them from having to choose between invoking their Fifth Amendment privilege against self-incrimination and satisfying their burden of proof on the forfeiture. The court granted the stay motion, and this appeal followed.
 
 
 4
 The threshold issue we must consider is whether we have jurisdiction to hear this appeal. The parties were asked to submit additional briefs addressing whether the district court's stay order is final and appealable. The government has filed a motion to dismiss the appeal for lack of jurisdiction. Moreover, the court has an independent duty to examine jurisdiction. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989). We have considered the parties' arguments, as well as the applicable law. We hold the stay order is neither final under 28 U.S.C. Sec. 1291 nor immediately appealable under Sec. 1292(a)(1). Consequently, we will grant the motion to dismiss.
 
 
 5
 Section 1291 provides this court with jurisdiction over final decisions of the district courts. Normally, a final decision is one which " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (citation omitted). In this case, the effect of the stay order is merely to postpone consideration of the forfeiture action pending adjudication of the state criminal charges. Therefore, it is not final in the usual sense.
 
 
 6
 The Parmleys urge that even though the order does not end the litigation completely, it is final under Sec. 1291 pursuant to the collateral order doctrine. See Digital Equip. Corp. v. Desktop Direct, Inc., --- U.S. ----, ----, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994) ("The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in Sec. 1291, but as a 'practical construction' of it...."). To apply the gloss on Sec. 1291 which this doctrine provides, however, the order must 1) be conclusive, 2) resolve an important question completely separate from the merits of the case, and 3) render the issue effectively unreviewable on appeal from the final judgment. Id. at ---- - ----, 114 S.Ct. at 1995-96. These requirements are stringent and apply to only certain classes of cases. See id. at ----, 114 S.Ct. at 1996. We conclude the order in this case does not fall within that small group.
 
 
 7
 We move directly to the second and third Digital requirements, because we have determined that regardless of the Parmleys' ability to satisfy the other prerequisites, they cannot show this is a "matter of such independent significance--that it must be vindicated by allowing an interlocutory appeal absent a constitutional or statutory basis." Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755, 758 (10th Cir.1993), aff'd, --- U.S. ----, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); see also Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.), 889 F.2d 950, 954 (10th Cir.1989) (court need not address all prongs of the collateral order requirements if any one is not met).
 
 
 8
 The Supreme Court has now made clear that the issue of appealability under the collateral order doctrine "cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of [the] final judgment requirement." Digital, --- U.S. at ----, 114 S.Ct. at 2001. Thus, we must examine the rights at stake and the effect on reviewability that strict application of Sec. 1291 would engender. In this context, the Court has cautioned that absent a constitutional or statutory provision securing the right at stake, it will be difficult for a party to demonstrate immediate review is necessary. Id. at ----, 114 S.Ct. at 2001-02. For that reason, we must focus on the right at stake and the loss to the Parmleys if review is denied.
 
 
 9
 The Parmleys come before this court in a curious procedural posture. Their ultimate goal is to have the stay lifted. This, in turn, will allow the government to continue in its effort to take the Parmleys' property. Thus, the "right" asserted can only be viewed as the ability to defend the forfeiture action immediately, as opposed to later. We hold this is not the type of "important" right which the Supreme Court contemplated as requiring immediate review in Digital.[3] Consequently, it does not come within the collateral order doctrine. See Pioneer Properties, Inc. v. Martin, 776 F.2d 888, 890-92 (10th Cir.1985) (holding that district court order staying proceedings pending arbitration was not immediately appealable where it merely delayed plaintiff's day in court).
 
 
 10
 We likewise hold this is not an appealable interlocutory order under 28 U.S.C. Sec. 1292(a)(1). That section provides for immediate review of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions ... except where a direct review may be had in the Supreme Court." 28 U.S.C. Sec. 1292(a)(1). In this instance, however, the district court's order relates only to the internal progress of the forfeiture litigation. Therefore, it is not an injunction under Sec. 1292. Gulfstream, 485 U.S. at 279, 108 S.Ct. at 1138; Hamilton v. Robertson, 854 F.2d 740, 741 (5th Cir.1988); see also United States v. All Assets of Statewide Auto Parts, Inc., 971 F.2d 896, 901 (2d Cir.1992) (noting that an occupancy agreement in a forfeiture case preserves the status quo and would render an interlocutory seizure order unappealable because it would "lack the draconian restraints of an injunction").
 
 
 11
 Finally, we decline to interpret the Parmleys' notice of appeal as a request for mandamus relief. See Ramu Corp. v. 6600 North Mesa (In re Ramu Corp.), 903 F.2d 312, 317-19 (5th Cir.1990); see also Sinclair Oil Corp. v. Amoco Prod. Co., 982 F.2d 437, 441 n. 5 (10th Cir.1992) (declining to treat otherwise unappealable interlocutory order as a mandamus petition). Likewise, we have determined this matter is not so exceptional that it requires immediate review. Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495-96 (10th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 197, 130 L.Ed.2d 129 (1994). The stay order is not final under the statutory provisions Congress has created. Consequently, we cannot address the merits of this appeal.
 
 
 12
 The government's motion to dismiss is GRANTED. The appeal is DISMISSED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 At the time the briefs in this matter were filed, the state criminal charges were still pending. In its brief on the merits, the government notes that the criminal proceedings were stayed pending the Parmleys' application to the Oklahoma Court of Criminal Appeals for a writ of mandamus forcing the government to reveal the identity of a confidential informant. Appellee's Opening Br. at 7 n. 2. We assume for purposes of this appeal that the criminal case remains pending
 
 
 [3]
 This might be a different case if the Parmleys had not executed the occupancy agreement allowing them to stay on their property. See United States v. Esposito, 970 F.2d 1156, 1159-60 (2d Cir.1992) (holding interlocutory orders were appealable where they allowed for immediate sale of property, prior to determination on the merits, in forfeiture action). As the case now stands, however, the Parmleys' property rights are being preserved