**SLIP TRACK SYSTEMS, INC. and Todd A. Brady, Plaintiffs–Appellants,**

v.

**METAL LITE, INC., Thomas R. Herren and Gene N. Carpenter, Defendants– Appellees.**

No. 98–1349.

United States Court of Appeals, Federal Circuit.

Sept. 14, 1998.

Rehearing Denied Oct. 8, 1998.

R. Joseph Trojan, Trojan Law Offices, Beverly Hills, CA, argued for plaintiffs-appellants.

Charles H. Thomas, Cislo & Thomas LLP, Santa Monica, CA, argued for defendants-appellees. With him on the brief were Donald M. Cislo, Daniel M. Cislo, and Andrew S. Jordan.

Before NEWMAN, Circuit Judge,
SKELTON, Senior Circuit Judge, and
BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

Appellants Slip Track Systems, Inc., and Todd A. Brady (collectively "Slip Track") brought an action against appellees Metal Lite, Inc., Thomas R. Herren, and Gene N. Carpenter (collectively "Metal Lite") in the United States District Court for the Central District of California. The district court entered an order staying the action pending the outcome of a reexamination of Slip Track's patent in the United States Patent and Trademark Office. Slip Track appeals the entry of the stay as well as the district court's refusal to enter a preliminary injunction in its favor. Metal Lite contends that we have no jurisdiction over this appeal and that, in any event, the district court was correct to enter a stay in the action before it. We conclude that we have jurisdiction over the appeal and that the stay must be vacated.

I

Slip Track and Metal Lite are competitors in the construction industry. Each holds a patent on building materials that provide enhanced stability under thermal or seismic stresses. Slip Track is the assignee of United States Patent No. 5,127,760 (the "Brady patent"), which issued on July 7, 1992. Appellant Brady, Slip Track's principal, is the inventor of the '760 patent. Metal Lite owns United States Patent No. 5,127,203 (the "Paquette patent"), which also issued on July 7, 1992. Metal Lite acquired its patent in September 1994 from the inventor, Robert Paquette. The application that matured into the Paquette patent was filed several months earlier than the Brady patent application. Although the claims of the two patents do not use identical language, the two patents claim identical subject matter. In other words, the PTO issued two patents for the same invention on the same day.

In August 1997, Metal Lite requested that the PTO conduct a reexamination of the Brady patent in light of the Paquette patent. The PTO determined that the Paquette patent raised a substantial new question concerning the patentability of the Brady patent and began a reexamination. *See* 35 U.S.C. §§ 303–305.

The first office action in the reexamination resulted in a rejection of all the claims of the Brady patent as anticipated by the Paquette patent. *See* 35 U.S.C. § 102(e). Slip Track's efforts to introduce evidence showing that it had invented the claimed subject matter before Paquette were dismissed as outside the scope of the reexamination proceeding. *See Manual of Patent Examining Procedure* (MPEP) § 706.02(b)(4) (6th ed.1997) (affidavit in reexamination may not be used to swear behind a United States patent claiming the same invention). The examiner did note, however, that Slip Track could file a reissue application and seek to provoke an interference with the Paquette patent.

Rather than file a reissue application, Slip Track filed an interfering patents suit in the district court against Metal Lite. *See* 35 U.S.C. § 291. In addition to asserting priority over the Paquette patent, Slip Track alleged in its complaint that Metal Lite had infringed the Brady patent and that certain letters sent by Metal Lite to Slip Track's customers constituted unfair competition under California law.

Shortly after filing its complaint, Slip Track filed an "Ex Parte Application for TRO and Motion for Preliminary Injunction," seeking to restrain Metal Lite from further advising Slip Track's customers that Slip Track's products infringe the Paquette patent or that the Brady patent is invalid or unenforceable. Slip Track submitted several declarations attesting to the dates of Brady's conception and reduction to practice of the invention. The district court denied Slip Track's motion without an opinion.

Slip Track subsequently filed a request for "reconsideration" of what it characterized as a denial of its motion for a preliminary injunction. Metal Lite, meanwhile, filed a motion to stay the district court proceedings pending the outcome of the PTO reexamination. The district court denied Slip Track's motion for reconsideration and granted Metal Lite's motion to stay the proceedings. With respect to Slip Track's motion, the district court noted that reconsideration was inappropriate "because a motion for a preliminary injunction was never ruled on such that anything is before the Court for reconsideration."

## II

■ The first issue presented by this appeal is whether the district court's order staying the action is appealable. Ordinarily, only a final decision of a district court may be appealed, *i.e.*, one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *see* 28 U.S.C. §§ 1291, 1295(a). The final judgment rule is subject to exceptions, however, that allow litigants to challenge "interlocutory orders of serious, perhaps irreparable, consequence."

*Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 99 L.Ed. 233 (1955). One of the exceptions is for orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1); *see id.* § 1292(c)(1).

■ Slip Track contends that the district court's order staying the action is appealable under section 1292(a)(1) because it was coupled with a denial of Slip Track's request for a preliminary injunction. Slip Track argues that the Ninth Circuit has previously held that when a stay order accompanies a denial of injunctive relief, the entire order is subject to appellate review. *See Privitera v. California Bd. of Med. Quality Assurance*, 926 F.2d 890, 892–93 (9th Cir.1991). In this appeal, decisions of the Ninth Circuit on jurisdictional questions provide useful guidance, *see Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 n. 3, 12 U.S.P.Q.2d 1997, 1999 n. 3 (Fed.Cir.1989), although we are bound only by our own precedent on the issue. *See Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844, 2 U.S.P.Q.2d 1649, 1651 (Fed.Cir.1987) (in banc).

The problem with Slip Track's argument is that the district court expressly found that a request for a preliminary injunction had never been properly placed before the court and that Metal Lite had not received proper notice of the request. The local rules of the Central District of California require that a preliminary injunction be noticed through an order to show cause, and that the opposing party be given at least 21 days in which to respond. Slip Track's ex parte filing included a proposed order granting the temporary restraining order and setting a hearing on the preliminary injunction to be held at a date to be determined by the court. The court denied Slip Track's request for a temporary restraining order and therefore did not enter the proposed order. After that denial, Slip Track did not make any additional efforts to seek a show cause hearing, but instead filed a motion for "reconsideration of denial of preliminary injunction." As a result, no show cause hearing was ever held and the district court made no factual findings. Under those circumstances, the district court was correct in refusing to "recon-

sider" a motion that was never properly raised or ruled upon. For the same reason, we decline to consider the merits of Slip Track's lengthy argument urging us to enter a preliminary injunction in its favor.

■ Although not appealable as a denial of injunctive relief, the stay order is nonetheless subject to appellate review because it effectively puts Slip Track out of federal court. As Metal Lite points out, an order staying a case is generally not subject to appeal. *See* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.13, at 733 (2d ed.1992). That general rule does not prevent review of a stay, however, when it is clear that no further action is contemplated by the district court following the stay. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8–10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341, 217 USPQ 985, 985–86 (Fed.Cir.1983). Thus, federal courts have often found jurisdiction to review stays in favor of state court suits when the state court judgment would have a fully preclusive effect on the federal action or moot the federal action entirely. *See, e.g., Cone*, 460 U.S. at 10, 103 S.Ct. 927; *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1218–21 (3d Cir.1989). Stays in favor of administrative proceedings are similarly reviewed on an "effectively out of court" standard. *See Gould*, 705 F.2d at 1341, 217 U.S.P.Q. at 985–86; *Hines v. D'Artois*, 531 F.2d 726, 730–32 (5th Cir.1976).

The stay entered in this case is an appealable order because it effectively disposes of the district court action. As noted earlier, Slip Track cannot litigate priority issues in the PTO reexamination, nor can it swear behind the anticipatory Paquette reference. Under those circumstances, the reexamination, if carried to completion, is likely to result in the cancellation of all of the claims of the Brady patent. That in turn will require a dismissal of the interfering patents suit, since a necessary condition for such an action is the existence of two valid and interfering patents. As a result, the district court will have no occasion to consider the issue of priority of invention following the resolution of the PTO proceeding. That consequence provides sufficient finality to make the stay order a "final decision" for appealability purposes.

## III

■ The same considerations that make the stay order appealable dictate that it be reversed on the merits. The district court chose to stay the action before it because the action was in the early stages of litigation and because "[a] decision from the PTO as to the validity of the [Brady] patent could substantially narrow the issues in this federal litigation." In many instances it is appropriate for a district court to stay a patent case pending the outcome of a PTO proceeding. In this case, however, the stay was improper, because a foreseeable consequence of staying Slip Track's interfering patents suit in favor of the reexamination proceedings is that Slip Track will be unable to raise the issue of priority of invention in any forum.

■ The principal point of contention between Slip Track and Metal Lite is which party was the first to invent the subject matter claimed in the Brady and Paquette patents. The issue of priority cannot be determined by reexamination, which is an ex parte procedure with the limited focus of "utiliz[ing] the expertise of the PTO to consider the effect of uncited prior art on the validity of a granted patent." *In re Continental Gen'l Tire, Inc.*, 81 F.3d 1089, 1093, 38 USPQ2d 1365, 1369 (Fed.Cir.1996). As noted, Slip Track was not allowed to swear behind the Paquette patent in the reexamination proceeding. Accordingly, if carried to completion on the limited statutory scope that is available in reexamination, the reexamination proceeding will result in cancellation of the claims of the Brady patent in light of the earlier-filed Paquette patent, without any exploration of which party was the first to invent the claimed subject matter.

The PTO apparently recognized Slip Track's predicament and suggested that Slip Track might wish to file a reissue application for the Brady patent. The examiner stated that after a reissue application was filed, the PTO would have jurisdiction to declare an

interference between the Brady reissue application and the Paquette patent to litigate the priority-of-invention issues. Without a reissue application, the PTO would not be able to declare an interference, because the PTO lacks jurisdiction to adjudicate priority between issued patents. *See* 35 U.S.C. § 135; MPEP § 2306. As Slip Track points out, however, a reissue application is available to Slip Track only if it can allege that there is an error in the drawings, specification, or scope of the claims of the Brady patent. 35 U.S.C. § 251; *see also In re Clement*, 131 F.3d 1464, 1472, 45 U.S.P.Q.2d 1161, 1167 (Fed.Cir.1997) (submission of unaltered claims will not support a reissue application). Slip Track does not assert that the Brady patent contains such an error, and we have previously held that a reissue application may not be filed solely on the ground that the PTO erred in issuing two patents for the same invention. *See In re Keil*, 808 F.2d 830, 1 U.S.P.Q.2d 1427 (Fed.Cir.1987).

Because an interference in the PTO was unavailable, Slip Track's only option was to institute an interfering patents suit under 35 U.S.C. § 291. An interfering patents suit allows the priority of invention issue to be litigated between two issued patents that claim identical subject matter. *See Albert v. Kevex Corp.*, 729 F.2d 757, 760–61, 221 U.S.P.Q. 202, 205–06 (Fed.Cir.1984). That purpose would be defeated if the party holding the patent with an earlier filing date could avoid a priority contest by requesting a reexamination of the patent with a later filing date and obtaining a stay of the interfering patents suit pending the outcome of the reexamination. For that reason, the district court should move forward with the interfering patents suit rather than staying the suit in favor of the PTO proceeding.

Of course, under some circumstances it is entirely appropriate for a district court to stay an action in favor of a copending proceeding in the PTO. *See, e.g., Gould*, 705 F.2d at 1342, 217 U.S.P.Q. at 986; *United Merchants & Mfrs., Inc. v. Henderson*, 495 F.Supp. 444, 210 U.S.P.Q. 274 (N.D.Ga.1980); *PIC, Inc. v. Prescon Corp.*, 77 F.R.D. 678, 195 U.S.P.Q. 525 (D.Del.1977). In support of its decision, the district court relied on two

cases in which courts issued such stays. *See ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 30 U.S.P.Q.2d 1709 (N.D.Cal.1994); *NL Chems. Inc. v. Southern Clay Prods. Inc.*, 14 U.S.P.Q.2d 1561 (D.D.C. 1989). Those cases, however, arose in quite different settings, and their reasoning does not support the stay of the interfering patents suit in this case.

In *ASCII*, the district court stayed a patent action that raised infringement and validity issues in favor of an ongoing reexamination in the PTO. The stay was justified in that case because the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue. *ASCII Corp.*, 844 F.Supp. at 1380–81, 30 U.S.P.Q.2d at 1711–12; *see also Fisher Controls Co. v. Control Components, Inc.*, 443 F.Supp. 581, 196 U.S.P.Q. 817 (S.D.Iowa 1977). By contrast, the outcome of the reexamination in this case will not assist the district court in determining priority of invention, and while the reexamination would likely eliminate the need for a trial on priority or infringement, that result would come at the expense of denying Slip Track any opportunity to prove that Brady was the first to invent and that the Brady patent therefore is entitled to priority.

The *NL Chemicals* case involved copending interference proceedings in the PTO and in district court. The district court chose to stay the interfering patents suit in favor of the PTO interference after finding that "the PTO interference proceeding encompasses all issues presented in this suit." *NL Chems.*, 14 U.S.P.Q.2d at 1565. The court noted that the PTO had more expertise in the intricacies of resolving issues of priority of invention. *Id.* The duplication of effort that concerned the *NL Chemicals* court is not present in this case. The reexamination and the interfering patents suit address quite different questions. Because the copending actions in the district court and the PTO are neither duplicative nor dependent on one another, there is neither any need nor any justification for staying the interfering pat-

ents suit to await the outcome of the PTO reexamination.

*VACATED AND REMANDED.*