**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HONORABLE JOSEPH W.
ANDERSON, of the Third Judicial
District Court, State of Utah,

Plaintiff-Appellant,

v.

STEVEN H. STEWART, in his
individual capacity; KRISTEN G.
BREWER, in her official capacity as
director of the office of the Guardian
ad Litem and in her individual
capacity; COLIN R. WINCHESTER,
in his official capacity as Executive
Director of the Judicial Conduct
Commission, RUTH LYBBERT, in her
official capacity as Chair of the
Judicial Conduct Commission,

Defendants-Appellees.

No. 02-4040
(D.C. No. 2:01-CV-970)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, The Honorable Joseph W. Anderson, is a judge in the Utah state court system who has become embroiled in a dispute with various members of the Utah bar. After defendant Kristen Brewer, the director of the Utah Office of the Guardian ad Litem, filed a complaint against Judge Anderson with the state Judicial Conduct Commission (JCC), Judge Anderson brought suit in federal district court claiming that the proceedings of the JCC deprived him of liberty and property interests under color of state law, damaged his reputation in retaliation for his actions as a judge, threatened the independence of the Utah judiciary, violated the separation of powers doctrine, and interfered with his federal right to a republican form of government. Judge Anderson requested a temporary restraining order and an order enjoining the JCC from investigating him or holding any proceedings regarding him. He also requested various declaratory judgments bringing into question the legitimacy of the JCC, damages, and attorney fees and costs.

The district court denied the motion for a temporary restraining order and eventually stayed all proceedings in the case "until the plaintiff has exhausted

every remedy and pursued every complaint, claim, grievance and allegation asserted herein, before the Utah Judicial Conduct Commission and the Utah Supreme Court." Aplt. App. at 81-82. Because we are under an independent obligation to examine our own jurisdiction, *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 953 (10th Cir. 1989), we directed the parties to submit additional briefs addressing whether the district court's order is final and appealable. We conclude the order is not a final order, an appealable collateral order, or an appealable interlocutory order, and dismiss this appeal for lack of jurisdiction.

In general, only final orders of the district courts are within this court's appellate jurisdiction. 28 U.S.C. § 1291. A final order is one that "ends the litigation leaving nothing to be done except execution of the judgment." *Primas v. City of Okla. City*, 958 F.2d 1506, 1513 (10th Cir. 1992). Stay orders are ordinarily not final orders for purposes of appeal because the plaintiff is not "effectively out of [federal] court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983) (quotation omitted). Because the district court has merely stayed the action pending exhaustion, the action remains pending in federal court awaiting Judge Anderson's completion of available state processes. He is not effectively out of federal court; his day in federal court has merely been postponed.

Judge Anderson argues that *Moses H. Cone* supports the appealability of the stay order. This argument is unavailing. In *Moses H. Cone,* the federal court stayed proceedings in favor of parallel litigation in state court regarding a question of mandatory arbitration. The question was the same in both courts. Because a decision by the state court would be res judicata in a later federal action, the plaintiff in *Moses H. Cone* was effectively out of federal court, rendering the stay order final for purposes of appeal.

Here, the situation is different. The issues before the JCC, and ultimately before the Utah Supreme Court on review of the decision of the JCC, are distinct from the claims Judge Anderson raises in his federal complaint. Even if the Utah Supreme Court should conclude upon recommendation from the JCC or the special master appointed by the court on June 4, 2003, to sanction Judge Anderson for judicial misconduct, [1] he still has a federal forum in which to bring his due process claims and other federal challenges both to the JCC itself and any proceedings brought against him. The stay order here is not a final order appealable under either § 1291 or under *Moses H. Cone.*

---

[1] The defendants have filed with this court, pursuant to Federal Rule of Appellate Procedure 28(j), a copy of an Order of Referral entered by the Utah Supreme Court on June 4, 2003, which indicates the JCC has completed its proceedings and has recommended the imposition of sanctions. The court by its June 4 order appointed a special master to conduct inquiry into additional matters and to issue a report to the court prior to September 1, 2003.

Nor is this an appealable collateral order. The collateral order doctrine is best understood as a practical construction of 28 U.S.C. § 1291. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (quotation omitted). The "category comprises only those district court decisions that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Id.* The Supreme Court has repeatedly stressed that this exception to finality is a narrow one and that it should remain so. *Id.* at 868.

In order to evaluate the issue of appealability under the collateral order doctrine, "we must focus on the right at stake and the loss to [Judge Anderson] if review is denied." *United States v. Section 17 Township 23 North, Range 22 East of IBM, Delaware County, Okla.,* 40 F.3d 320, 322 (10th Cir. 1994). "[A]bsent a constitutional or statutory provision securing the right at stake, it will be difficult for a party to demonstrate immediate review is necessary." *Id.* (citing *Digital Equip.*, 511 U.S. at 878-80).

In *Digital Equip.*, the Supreme Court found that the right not to stand trial emanating from a private settlement agreement was not sufficiently important to allow immediate review as a collateral order. 511 U.S. at 877-78. Following *Digital Equip.*, this court in *Section 17 Township* held that the right to defend a

-5-

federal forfeiture before the adjudication of state criminal charges similarly lacked the requisite importance for immediate appealability.  40 F.3d at 322.

Implicitly, the right Judge Anderson attempts to protect here is the right not to be made to appear before a state disciplinary authority before he proceeds with his federal lawsuit.  As in *Section 17 Township*, we hold that this is not the kind of "important right" which the Supreme Court in *Digital Equip.* contemplated as requiring immediate review.

Finally, we reject Judge Anderson's claim that this order is appealable as an interlocutory order under 28 U.S.C. § 1292(a)(1).  That statute provides this court with appellate jurisdiction to review district court orders which deny injunctive relief.  28 U.S.C. § 1291(a)(1).  The parties agree that, by not ruling on Judge Anderson's request for an injunction, the district court has effectively denied an injunction.  Under these circumstances, however, Judge Anderson must show additionally that the order threatens a "serious, perhaps irreparable, consequence" and is one that can be "effectively challenged only by immediate appeal."  *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1185 (10th Cir. 1999) (quotations omitted).  For the same reasons stated above, we do not agree that having to appear before the JCC carries with it the kind of serious, irreparable consequence justifying immediate appeal.  If the cost, stress, and inconvenience of defending against a criminal prosecution were not enough to establish

irreparable injury in *Younger v. Harris*, 401 U.S. 37, 46 (1971), Judge Anderson's having to appear before the JCC is likewise not a sufficiently irreparable injury which could justify an immediate appeal.

Because the order appealed is not a final order under § 1291, an appealable collateral order, or an appealable interlocutory order under § 1292, we DISMISS this appeal for lack of jurisdiction. Judge Anderson's motion to dismiss action or in the alternative motion to dismiss appeal is DENIED as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge