NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1345

THE SOLLAMI COMPANY,

Plaintiff-Appellant,

v.

KENNAMETAL, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Western District of Pennsylvania in case no. 06-CV-0062, Judge Arthur J. Schwab.

ON MOTION

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

BRYSON, <u>Circuit Judge</u>.

## O R D E R

Kennametal, Inc. moves to dismiss this appeal for lack of jurisdiction.  The Sollami Company opposes.  Kennametal replies.

Sollami sued Kennametal for infringement of three patents.  The parties moved for summary judgment on various issues.  It appears that as a result of the district court's rulings on the summary judgment motions, additional issues concerning infringement of one of Sollami's patents, U.S. Patent 6,585,326 (the '326 patent) and issues raised by Kennametal's counterclaims seeking declaratory judgments of invalidity or unenforceability may require further resolution by the district court.

Kennametal moved in the district court to stay further litigation pending disposition by the United States Patent and Trademark Office of Sollami's reissue application concerning the '326 patent. The district court granted Kennametal's motion and Sollami appeals that order.

Kennametal contends that the court should dismiss Sollami's appeal because the district court's order staying litigation pending reissue proceedings is not a final appealable order. Sollami alleges that this court has jurisdiction because, inter alia, the stay order effectively puts Sollami "out of court."

In Gould v. Control Laser Corp., 705 F.2d 1340 (Fed. Cir. 1983), we held that an order staying district court proceedings pending reexamination by the PTO was not appealable. By contrast, in Slip Track Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1340 (Fed. Cir. 1998), this court held that under the facts of that case, an order staying district court proceedings pending reexamination by the PTO was an appealable order because it effectively could put one of the appellants out of court. We explained that after the PTO reexamination proceedings concluded, it was possible that the appellants would be unable to raise the issue of priority of invention in the district court, and the stay order was a "'final decision' for appealability purposes." Slip Track, 159 F.3d at 1340.

Sollami has not asserted that any patent issue would escape review by a federal court if the case is stayed pending PTO proceedings. Instead, Sollami contends that the case should not have been stayed because the PTO proceedings will not resolve an issue related to the pending matters before the district court. Thus, Sollami has not shown that the district court's stay order effectively puts Sollami out of court. We have

considered Sollami's other arguments but remain convinced that we are without jurisdiction over this appeal.

Accordingly,

IT IS ORDERED THAT:

(1)    Kennametal's motion to dismiss is granted.

(2)    Each side shall bear its own costs.

FOR THE COURT


_____July 18, 2008_____        /s/ William C. Bryson_____
Date                   William C. Bryson
                           Circuit Judge

cc:    Eric G. Soller, Esq.
       Jeffrey T. Morris, Esq.

 s20

ISSUED AS A MANDATE:  _July 18, 2008_____