NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1564

AVOCENT REDMOND CORP.,

Plaintiff-Appellant,

v.

ROSE ELECTRONICS, PETER MACOUREK,
and DARIOUSH RAHVAR (doing business as David Rahvar),

Defendants-Appellees,

and

ATEN TECHNOLOGY, INC.
and ATEN INTERNATIONAL CO. LTD.,

Defendants-Appellees,

and

BELKIN CORP., BELKIN INTERNATIONAL, INC.,
and BELKIN, INC.,

Defendants-Appellees.

ON MOTION

Appeal from the United States District Court for the Western District of Washington in case no. 06-CV-1711, Judge Marsha J. Pechman.

Before GAJARSA, LINN, and PROST, Circuit Judges.

PROST, Circuit Judge.

ORDER

Rose Electronics et al. (Rose) move to dismiss Avocent Redmond Corp.'s appeal for lack of jurisdiction. Avocent opposes. Rose replies. Avocent moves for leave to file a surreply, with surreply attached. Rose opposes. Avocent replies.

Avocent sued Rose in the United States District Court for the Western District of Washington, alleging patent infringement. Rose filed a request for ex parte reexamination with the Patent and Trademark Office (PTO). On Rose's motion, the district court stayed proceedings on October 30, 2007, pending the outcome of the reexamination proceedings.

On June 19, 2008, Avocent moved the district court to lift the stay and also to modify the court's protective order to permit Avocent to file certain sales information with the PTO that had been submitted in the district court case under a protective order. On August 18, 2008, the court denied Avocent's motions, treating Avocent's motion to lift the stay as an untimely motion for reconsideration of the court's October 2007 order. Avocent filed this notice of appeal, seeking review of the August 18, 2008 order.

In Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983), we held that an order staying district court proceedings pending reexamination by the PTO was not an immediately appealable order. In Slip Track Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1340 (Fed. Cir. 1998), we held that under the facts of that case, a district court order staying proceedings pending reexamination was appealable because it effectively could put one of the appellants out of court. We noted that it was possible that the appellants would be unable to raise the issue of priority of invention in the district court or in this court on appeal from the PTO's decision. Unlike the situation involving the appellant in Slip Track, Avocent has not shown that no court could decide the patent issues, although perhaps the PTO would not decide the issues with all of the evidence that Avocent wishes to submit. This showing does not make the order appealable under our decision in Slip Track. Additionally, Avocent has not met its burden of establishing that the portion of the order denying the motion to modify the protective order is an immediately appealable order.

2008-1564                                         - 2 -

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss is granted.  The appeal is dismissed.

(2)     The motion for leave to file a surreply is granted.

(3)     Each side shall bear its own costs.

FOR THE COURT

FEB   6 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 6 2009

JAN HORBALY
CLERK

cc:     E. Robert Yoches, Esq.
        James D. Berquist, Esq.
        Ryan Ken Yagura, Esq.
        Michael S. Dowler, Esq.

s19

ISSUED AS A MANDATE:     FEB   6 2009   _____