NEWMAN, Circuit Judge,
concurring.
I join the court’s opinion, but I write separately to respond to Judge Dyk’s separate opinion, in which he proposes that the district court should stay completion of this litigation, in view of the pending reexamination proceeding. Although this proposal is not adopted it warrants response, for at this stage in this protracted litigation, after full trial and decision in the *1305 district court, after full appeal and ruling of the appellate court and with only a modified remedy remaining on remand, such an action would be inappropriate. Further, this question has been neither briefed nor debated. Its sua sponte presentment as available at this stage is irregular.
This litigation began in 2003. Only an issue of adjustment of damages and a modification of the permanent injunction to reflect our reversal of JMOL remain on remand. Meanwhile, the reexamination has yet to be finally decided at the PTO, and remains subject to judicial review, on the same issues of validity as have been litigated. The proposal would entail several years’ additional delay, if the court were now to stay the action at this final stage.[1]
The relationship between reexamination and litigation is not new to the courts, and precedent reflects the variety of responses in particular situations, as summarized in Slip Track Systems, Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1341 (Fed.Cir.1998) with respect to concurrent proceedings including PTO reexamination and PTO interference proceedings. It is established that a “court is not required to stay judicial resolution in view of the reexaminations.” Viskase Corp. v. American Nat’l Can Co., 261 F.3d 1316,1328 (Fed.Cir.2001). The corollary rule is that the PTO has no authority to stay reexamination pending the outcome of district court litigation. Ethicon, Inc. v. Quigg, 849 F.2d 1422 (Fed.Cir. 1988). A stay of finality, after the issues of validity and infringement have been litigated and decided by the district court and appealed to the Federal Circuit, is a distortion of the role of reexamination.
I remain a strong supporter of the principle of reexamination. It can be a useful and powerful tool for the benefit of both patentees and those interested in restricting or eliminating adversely held patents. However, if routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity. The statistical data of the Patent and Trademark Office place this aspect in sharp relief, for the number of reexamination requests is increasing, as is the time for completion of reexamination and appeal in the PTO, as well as the right of judicial review. In its recent statistical summaries, the PTO reports a 54% increase in filing of ex parte reexaminations since 2004 (from 441 in 2004 to 680 in 2008, and with 481 filings through June 2009). See USPTO, Reexamination Operational Statistics (June 30, 2009), available at http://www.uspto.gov/ web/patents/documents/reexam_ operations_06-09.pdf. Of these filings 31% were reported to be in litigation. Id. Inter partes reexaminations are increasing rapidly, from 168 in 2008 to 195 filings through June of 2009, with 66% reported to be in litigation. Id. The PTO also reports that as of the third quarter of 2009, *1306 the average pendency for ex parte reexamination is 36.1 months, an increase from the 34.6 months at December 2008. Id. The pendency of inter partes reexamination is reported to average 41.7 months. Id.
Decisions on reexamination can be appealed to the Board and are subject to judicial review. The PTO reports that the Board is still experiencing a heavy increase in appeals and the backlog of appeals. In contrast, the present case is over but for review of the remedy on remand. The suggestion that the district court should now stay the proceedings, at this final stage, is contrary to the precepts of expeditious and just resolution of disputes.

. Our colleague in concurrence appears to believe that a PTO decision on reexamination will override a judicial decision reached after trial and appeal. That is incorrect. All that can be accomplished is delay. In exercising its discretion to deny or grant a stay pending reexamination, a district court should consider the effect of delay upon a patentee. With respect to inter partes reexamination, 35 U.S.C. § 318 commits the grant of a stay to the district court’s discretion with special heed to the concerns of the patentee:
Once an order for inter partes reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.
(emphasis added).