NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENS ERIK SORENSEN,
AS TRUSTEE OF SORENSEN RESEARCH AND
DEVELOPMENT TRUST,**
*Plaintiff-Appellant,*

v.

**LEXAR MEDIA, INC.,**
*Defendant-Appellee,*

**and**

**PHILLIPS PLASTICS CORPORATION,**
*Defendant-Appellee.*

---

2011-1125

---

Appeal from the United States District Court for the Northern District of California in case no. 08-CV-0095, Judge James Ware.

---

## ON MOTION

---

Before PROST, MAYER, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

## ORDER

Lexar Media, Inc. (Lexar) moves to dismiss Jen Erik Sorensen's appeal for lack of jurisdiction. Sorensen moves for an extension of time to file an opposition and opposes the motion to dismiss.

Sorensen sued Lexar in the United States District Court for the Northern District of California alleging patent infringement. The patent expired in February of 2008, shortly after Sorenson filed the suit. In February 2009, the district court stayed proceedings in this case pending the Patent and Trademark Office's reexamination of the patent. On January 8, 2010, in a final office action, the PTO determined that all of Sorensen's patent claims asserted against Lexar were not patentable. In April 2010, Sorensen appealed the PTO's final rejection to the Board of Patent Appeals and Interferences. Thereafter, the district court denied Sorensen's motion to lift the stay of proceedings in the case. The district court noted that the denial of Sorenson's motion was without prejudice to Sorenson renewing the motion on or after May 2, 2011. Sorensen filed a notice of appeal of the order denying his motion to lift the stay, asserting that the district court violated his rights to due process and equal protection. Lexar moves to dismiss the appeal, asserting that the stay order is not an immediately appealable order.

As a general rule, an order staying a case pending reexamination is not subject to immediate appeal. *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1340 (Fed. Cir. 1998); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). One narrow exception allows an immediate appeal if the stay order effectively puts the appellant out of court because no court would review an issue following the stay. *Slip Track*, 159 F.3d at 1340. For example, in *Slip Track* we allowed an immediate appeal when after the PTO reexamination proceedings concluded it was possible that the appellants would be

unable to raise the issue of priority of invention in the any forum. *Id.*

In this case, the appellant has not shown that any issue will evade review by a federal court, due to the stay of proceedings pending reexamination. As we noted in *Gould*, "[d]istrict court and PTO decisions on the merits are both reviewable by this court." *Gould*, 705 F.2d at 1342. Sorenson argues that the issue whether the stay was proper would become moot if this court dismisses the appeal for lack of jurisdiction. Of course, this may be true of a large variety of nonfinal orders that parties would try to appeal, but that does not create jurisdiction to review the nonfinal orders.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted. The appeal is dismissed.

(2) The motion for an extension of time to file an opposition to the motion to dismiss is granted.

(3) Each side shall bear its own costs.

FOR THE COURT

MAR 0 4 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Melody A. Kramer, Esq.
    Jared Bobrow, Esq.
    Kimberly K. Dodd, Esq.

s20

ISSUED AS A MANDATE: MAR 0 4 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 4 2011

JAN HORBALY
CLERK