FILED
United States Court of Appeals
Tenth Circuit

April 17, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GIRUM ALEMAYEHU,

     Plaintiff - Appellant,

v.

CONNIE GEMIGNANI; JOHN
MARSHALL; CLEAR STONE
DEVELOPMENT, INC., a Colorado
corporation; DOCTOR'S ASSOCIATES
LLC,

     Defendants - Appellees.

No. 18-1340
(D.C. No. 1:18-CV-00212-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Girum Alemayehu appeals the district court's order denying his motion to

dissolve an earlier order staying the underlying proceedings. Because Alemayehu

fails to demonstrate we have jurisdiction to review the district court's order declining

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

to dissolve the stay, we dismiss the appeal without reaching the merits of his arguments.

## Background

This appeal arises from Alemayehu's allegations that defendants Connie Gemignani; John Marshall; Clear Stone Development, Inc.; and Doctor's Associates LLC (collectively, DAL) impermissibly discriminated against Alemayehu based on his race in denying his application for a Subway restaurant franchise.

Alemayehu brought suit against DAL in the United States District Court for the District of Colorado. But because the franchise application Alemayehu submitted to DAL contained an arbitration clause, and because that arbitration clause required arbitration to take place in Bridgeport, Connecticut, DAL filed a motion to compel arbitration in the United States District Court for the District of Connecticut. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1051–56 (10th Cir. 2006) (noting that when arbitration agreement contains forum-selection clause, appropriate venue for filing motion to compel arbitration lies in agreed-upon forum). Thus, the district court stayed the Colorado proceedings pending the Connecticut district court's ruling on DAL's motion to compel.

The Connecticut district court ultimately denied DAL's motion, and DAL appealed the Connecticut district court's order to the United States Court of Appeals for the Second Circuit.[1] *See* 9 U.S.C. § 16(a)(1) (allowing for immediate appeal from,

---

[1] The Second Circuit will hear argument in DAL's appeal on May 23, 2019.

inter alia, order denying motion to compel arbitration). In the meantime, Alemayehu asked the district court to dissolve the existing stay and resume proceedings in Colorado. Citing DAL's pending appeal, the district court denied the motion and left the stay intact. Alemayehu now appeals the district court's order denying his motion to dissolve the stay.

## Analysis

Before we may address the merits of Alemayehu's arguments, we must determine whether we have jurisdiction over this appeal. *See Husky Ventures, Inc. v. B55 Investments, Ltd.*, 911 F.3d 1000, 1008 (10th Cir. 2018). Critically, as the party attempting to invoke our appellate jurisdiction, Alemayehu "bears the burden of establishing" that such jurisdiction exists. *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).

In attempting to shoulder that burden here, Alemayehu relies solely on 28 U.S.C. § 1291. Section 1291 affords us jurisdiction over "final decisions"—i.e., decisions that "end[] the litigation." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). It also allows us to review "a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949)).

After Alemayehu filed his notice of appeal, DAL filed a motion asking us to dismiss for lack of appellate jurisdiction, arguing that the district court's order is

3

neither (1) a final order nor (2) an order that we should treat as final under the collateral-order doctrine. Alemayehu filed a response to DAL's motion, and DAL filed a reply to Alemayehu's response. We address the parties' jurisdictional arguments below.[2]

## I.    The Final-Order Rule

For purposes of § 1291, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gulfstream Aerospace Corp.*, 485 U.S. at 275 (quoting *Catlin*, 324 U.S. at 233). Because a typical stay order merely *delays* litigation, rather than ending it, "a stay is not ordinarily a final decision for purposes of § 1291." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983). Nevertheless, the Court has recognized an exception to this general rule: a stay may constitute a final order if it

---

[2] Notably, Alemayehu purports to rely solely on the collateral-order doctrine in asserting that we have jurisdiction to hear his appeal; indeed, he expressly concedes that "[t]here has been no final judgment or final order issued by the district court." Aplt. Br. 3. Thus, we could treat as waived and decline to consider any "potential argument[s]" in favor of holding that the district court's order is final for purposes of § 1291. *U.S. ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996) ("Our duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction."); *see also Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1275 (10th Cir. 2011) ("Where an appellant fails to lead, we have no duty to follow. It is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal."). Nevertheless, as discussed more fully below, Alemayehu makes some stray assertions that appear to implicate the finality of the district court's order. Thus, in an abundance of caution, we proceed to address both (1) whether Alemayehu demonstrates the order is final and (2) whether he demonstrates it is an appealable collateral order.

operates to put a party "effectively out of [federal] court." *Id.* at 9 n.8, 10 (quoting *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 n.2 (1962)).

In *Moses H. Cone*, the lone issue before the federal district court was whether the plaintiff's claims were subject to arbitration. *Id.* at 10. Because that very same issue was also before a state court in a parallel state suit, the federal district court invoked the *Colorado River* doctrine and stayed the federal proceedings pending the state court's resolution of the arbitration question. *See id.* at 4; *cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) (noting that under certain limited circumstances, "reasons of wise judicial administration" may "permit[] the dismissal of a federal suit due to the presence of a concurrent state proceeding").

In evaluating whether the district court's stay order was final for purposes of § 1291, the Court pointed out that because the "issue of arbitrability was the only substantive issue present in the federal suit," the district court's order staying "the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the [arbitration] issue would be res judicata." *Moses H. Cone*, 460 U.S. at 10. And because the stay order therefore put the plaintiff "effectively out of [federal] court" and "amount[ed] to a dismissal of the [federal] suit," the Court held that the stay order was final for purposes of § 1291. *Id.* (quoting *Idlewild*, 370 U.S. at 715 n.2).

Here, Alemayehu alleges that by refusing to dissolve the stay, the district court "handed off its obligation" to resolve his claims "to the Second Circuit." Aplt. Supp.

5

Br. 14. Despite Alemayehu's statement that "[t]here has been no final judgment or final order issued by the district court," Aplt. Br. 3, this appears to be an attempt to liken the facts of this case to those in *Moses H. Cone*, where the district court "surrender[ed] jurisdiction . . . to [the] state court" by staying proceedings in federal court, 460 U.S. at 10 n.11. But this attempt ultimately proves unsuccessful.[3]

In *Moses H. Cone*, "the object of the stay [was] to require all or an essential part of the federal suit to be litigated in a *state* forum." *Id.* (emphasis added). And the Court repeatedly suggested that its holding applies only to cases involving those same facts—i.e., to cases in which "the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit *to a state court*." *Id.* (emphasis added) ("*Idlewild*'s reasoning is limited to cases where (under *Colorado River*, abstention, or a closely similar doctrine) the object of the stay is to require all or an essential part of the federal suit to be litigated in a *state forum*." (emphasis added)); *id.* at 9 n.8 ("'[E]ffectively out of court' means effectively out of *federal* court—in

_____

[3] Elsewhere in his brief, Alemayehu expressly disavows any reliance on *Moses H. Cone*'s final-order rule. In fact, he maintains that no such rule exists: according to Alemayehu, *Moses H. Cone* is solely "a particular application of the collateral[-] order doctrine." Aplt. Supp. Br. 8 n.1.

As an initial matter, we disagree with Alemayehu's reading of the Court's decision in *Moses H. Cone*; there, the Court provided two independent and alternative bases for exercising appellate jurisdiction over the district court's stay order. *See* 460 U.S. at 11 (first holding that stay order was final decision for purposes of § 1291; then holding that even if stay order wasn't final, it "would nevertheless be appealable" under collateral-order doctrine). And because Alemayehu's briefing implicitly invokes both of these potential paths to appellate jurisdiction, we opt to consider whether he has demonstrated that we may proceed down either to reach the merits of his argument.

keeping with the fact that the decision under appeal is the refusal to exercise *federal* jurisdiction." (alteration in original) (quoting *Idlewild*, 370 U.S. at 715 n.2)).

That said, although *Moses H. Cone*'s final-order rule "has its roots in concerns about federal courts[] surrendering decisional authority to state courts, its branches have" nevertheless "spread beyond that." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1195 (11th Cir. 2009). For instance, courts have applied *Moses H. Cone*'s final-order rule to cases in which the practical effect of a federal district court's stay order is to surrender jurisdiction to either an international court or to a federal agency. *See, e.g.*, *In re Kozeny*, 236 F.3d 615, 618 (10th Cir. 2000) ("Although *Moses H. Cone* was factually based on parallel federal and state court proceedings, we believe that the same principles govern parallel federal and international court proceedings.");[4] *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1338, 1340 (Fed. Cir. 1998) (holding that order staying federal action pending outcome of proceedings before United States Patent and Trademark Office (PTO) was final under *Moses H. Cone* because "district court w[ould] have no occasion to consider [relevant issue] following the resolution of [that issue in] the PTO proceeding").

---

[4] The order in *Kozeny* "was rendered by a two-judge motions panel and its precedential value is therefore questionable." *Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1176 n.3 (10th Cir. 2005). Nevertheless, this court has previously found its reasoning "persuasive on the question [of] whether [a] stay order was final under § 1291." *Id.*

But Alemayehu doesn't suggest that by refusing to dissolve the stay, the district court surrendered jurisdiction to a state court. *Cf. Moses H. Cone*, 460 U.S. at 10 n.11. Nor does he suggest that the district court transferred its decisional authority to an international tribunal, *cf. Kozeny*, 236 F.3d at 618, or to a federal agency, *cf. Slip Track*, 159 F.3d at 1338, 1340. Instead, Alemayehu alleges that by refusing to dissolve the stay, the district court "handed off its obligation[s]" to *another federal court*: the Second Circuit. Aplt. Supp. Br. 14. And as DAL points out, at least one of our sibling circuits has indicated that *Moses H. Cone*'s final-order rule doesn't apply when a stay operates to transfer decisional authority from one federal court to another. *See Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1195–98 (holding that order wasn't final where federal district court stayed proceedings to "await a *federal appellate decision* that [was] likely to have a substantial or controlling effect on the claims and issues in the stayed case" (emphasis added)).

Notably, Alemayehu makes no effort to distinguish the facts of this case from those in *Miccosukee Tribe of Indians of Florida*. Nor does he identify a case in which this court (or any other court, for that matter) has applied *Moses H. Cone*'s final-order rule to a stay order that operates to transfer decisional authority from one federal court to another. Accordingly, we hold that he fails to show the district court's order is a final decision for purposes of § 1291. *See Ceballos-Martinez*, 387 F.3d at 1143 (explaining that appellant "bears the burden of establishing" our appellate jurisdiction).

8

Nevertheless, Alemayehu's failure to demonstrate that the district court's order is a final one doesn't end our jurisdictional inquiry; as Alemayehu points out, we also have jurisdiction under § 1291 to review "a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus., Inc.*, 558 U.S. at 106 (quoting *Cohen*, 337 U.S. at 545–46). Thus, we next examine whether the district court's order denying Alemayehu's motion to dissolve the stay constitutes such a collateral order.

## II.    The Collateral-Order Doctrine

To fall within *Cohen*'s "small class" of immediately appealable collateral orders, the order at issue must satisfy a three-part test: (1) it must be "conclusive"; (2) it must "resolve important questions completely separate from the merits"; and (3) it must "render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 878 (1994) (quoting *Cohen*, 337 U.S. at 546). Critically, inherent in the second and third *Cohen* factors is the question of whether any rights that might "be lost through rigorous application of a final[-]judgment requirement" are "important enough to warrant immediate appeal." *Id.* at 878–79, 880 n.7; *see also Mohawk Indus., Inc.*, 558 U.S. at 107 (explaining that "[t]he justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes"; holding that "the decisive consideration" under *Cohen* "is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order'"

9

(quoting *Will v. Hallock*, 546 U.S. 345, 352–53 (2006))); *United States v. Section 17 Twp. 23 N.*, 40 F.3d 320, 322 (10th Cir. 1994) ("[T]he Court has cautioned that absent a constitutional or statutory provision securing the right at stake, it will be difficult for a party to demonstrate immediate review is necessary.").

In light of this inherent importance requirement, we opt here to "move directly to the second and third" *Cohen* factors. *See Section 17 Twp.*, 40 F.3d at 322 (noting that court need not address all three factors of *Cohen* test if appealing party fails to satisfy any one of those factors). In doing so, we first identify the rights Alemayehu says he stands to lose if he cannot immediately appeal the district court's order denying his motion to dissolve the stay, and we then determine whether those rights are important enough to outweigh the concerns that animate the final-judgment rule. *See id.*; *Digital Equip. Corp.*, 511 U.S. at 872 (citing "the strong bias of § 1291 against piecemeal appeals").

The only rights Alemayehu says he will lose here if he can't immediately appeal the district court's order are (1) his right to enforce as res judicata the Connecticut district court's order ruling that his claims aren't subject to arbitration and (2) his right to "try his claims in a court of law" under that order. Aplt. Supp. Br. 12.

But the district court's order denying Alemayehu's motion to dissolve the stay won't necessarily deprive him of these "right[s]." *Id.* Instead, if the Second Circuit agrees with the Connecticut district court and holds that Alemayehu's claims aren't subject to arbitration, then Alemayehu may (albeit after a delay) proceed to litigate

10

the merits of those claims in district court. In that case, the district court's order will merely deprive Alemayehu of the right to *immediately* litigate his claims. And this court has previously held that a party's right to proceed with litigation "immediately, as opposed to later" isn't "the type of 'important' right [that] the Supreme Court contemplated as requiring immediate review" under the collateral-order doctrine. *Section 17 Twp.*, 40 F.3d at 322; *see also Kozeny*, 236 F.3d at 619 (concluding that order staying federal suit pending proceedings in foreign jurisdiction wasn't immediately appealable under collateral-order doctrine because order didn't "foreclose the defendants' opportunity to have the controversy settled in the federal forum—it simply delay[ed] it").[5]

Alternatively, if the Second Circuit holds that Alemayehu's claims *are* subject to arbitration, then the only "right" Alemayehu will lose as a result of the district court's stay order is the "right" to present his claims to a federal court that ultimately has no authority to adjudicate them.[6] Aplt. Supp. Br. 12. That's because if the Second Circuit holds that Alemayehu's claims are subject to arbitration, then any remaining

---

[5] Although the order in *Kozeny* "was rendered by a two-judge motions panel and its precedential value is therefore questionable," we nevertheless find its reasoning on this point "persuasive" and adopt it here. *Crystal Clear Commc'ns, Inc.*, 415 F.3d at 1176 n.3.

[6] In that case, dissolving the stay and allowing litigation to proceed would deprive DAL—not Alemayehu—of an important right. *See Digital Equip. Corp.*, 511 U.S. at 880 n.7 (noting that by providing for immediate appeal of order denying motion to compel arbitration, Congress has expressed that loss of right to enforce arbitration agreement is "important enough to warrant immediate appeal" (citing § 16)).

11

federal-court proceedings will take place in the Connecticut district court or in the Second Circuit. *See* 9 U.S.C. § 4 ("The hearing and proceedings, under such [arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed."); *id.* § 10(a) (providing that district court "in and for the district wherein the [arbitration] award was made may," under certain circumstances, "vacat[e] the award"); *Pioneer Props., Inc. v. Martin*, 776 F.2d 888, 891 (10th Cir. 1985) (noting that district court's § 10 review is subject to appeal).

We question whether any such right exists. But even assuming it does, it surely doesn't "rise to the level of importance needed for recognition under § 1291." *Digital Equip. Corp.*, 511 U.S. at 878. That is, any "right" to present one's claims to a court that ultimately lacks authority to adjudicate them isn't weighty at all, let alone "weightier than the societal interests advanced by the ordinary operation of final judgment principles." *Id.* at 879. Accordingly, we hold that Alemayehu fails to demonstrate the district court's order is appealable under the collateral-order doctrine. *See Ceballos-Martinez*, 387 F.3d at 1143.

## Conclusion

Because Alemayehu fails to establish that we may review the district court's order denying his motion to dissolve the stay, we grant DAL's motion to dismiss the appeal for lack of jurisdiction.

Entered for the Court


Nancy L. Moritz
Circuit Judge